## GEORGE WALLACE v. COMMONWEALTH.

**Bill of Exceptions Must Contain All the Instructions Given by the Court.**

> It is not stated in any of the numerous bills of exceptions that any or either of them contain all the instructions given by the court to the jury; we cannot, therefore, consider alleged errors in the instructions or in refusing to instruct the jury on this appeal.

**Error in Admitting Evidence Cured.**

> The court cannot exclude evidence until he knows what it is, and if not competent the error is obviated by withdrawing it from the consideration of the jury.

APPEAL FROM GRAVES CIRCUIT COURT.

October 10, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

It is not stated in any of the numerous bills of exceptions that any or either of them contain all the instructions given by the court to the jury, nor is there any statement in the record *which*

*authorizes us to conclude* that all the instructions given on the trial are contained in the bills of exceptions. We cannot, therefore, according to section 335, Civil Code, consider alleged errors in instructing or in refusing to instruct the jury on this appeal.

There was some evidence conducing to prove that Thomasson and the appellant were together on the night of the homicide. Lamb proves that he told appellant that Thomasson said he, Thomasson, and appellant did the killing, and he replied that he and Thomasson were together that night, and in connection with that evidence we are not prepared to say that the testimony of Primer and McFarland was improperly admitted. The answers of the Kinneys to the interrogatories propounded to them by the prosecution were excluded as evidence from the jury, and if the court below erred in permitting the answers to be given, the error was obviated by withdrawing them from the consideration, but it is not perceived how the court could have properly excluded their evidence until he knew what it would be.

As to the alleged errors in reference to giving and refusing instructions they are already disposed of.

If the court below erred in refusing to continue the case on motion of appellant, and in not preventing the attorney of the Commonwealth from indulging in the course of argument to the jury indulged in by him, they are errors for which this court cannot reverse the judgment. Section 334, Criminal Code.

These are matters which the Legislature has left to the sound discretion of the circuit judges on the very reasonable presumption, doubtless, that they will always so exercise it as to secure and protect the accused in their legal and just rights, awarding to them continuances when proper grounds are made out, and restraining attorneys for the Commonwealth within the bounds of legitimate and fair discussion when they should offer to transcend them.

Wherefore, perceiving no error in the proceedings which can be deemed available for a reversal, the judgment must be affirmed.